IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOE PENSKA, individually and for others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T.S. DUDLEY LAND COMPANY, INC.,<br><br>　　　　Defendant,<br><br>　v.<br><br>AJP LAND SERVICES LLC,<br><br>　　　　Third-Party Defendant. | 2:20-cv-435-NR |

## MEMORANDUM ORDER

　　This is a wage and hour putative collective and class action.  Plaintiff Joe Penska alleges that Defendant T.S. Dudley Land Company, Inc. misclassified him and other similarly situated workers as independent contractors and improperly paid them only a day rate without overtime.  Mr. Penska asserts claims under the FLSA and PMWA.  Throughout the litigation, T.S. Dudley maintained that it properly classified and compensated Mr. Penska and its other workers.  T.S. Dudley also brought a third-party complaint against AJP Land Services LLP and a counterclaim against Mr. Penska, alleging claims related to a vendor agreement between T.S. Dudley and AJP Land.

　　The parties have settled their case on an individual basis, for a total amount of $24,000.00.  Under their settlement agreement, Mr. Penska will receive a net payment of $13,716.03 and his counsel will receive $10,283.97 to cover attorneys' fees

and costs.  In exchange, Mr. Penska will release all wage and hour claims against T.S. Dudley.  The settlement does not purport to release the claims of any other T.S. Dudley employee or contractor.

The parties, as is customarily done in FLSA cases, have moved this Court to approve their settlement.  This Court, however, recently recognized that judicial approval of FLSA settlements may not be required, especially where the case is not "being settled on a classwide or collective basis."  *Horton v. Right Turn Supply, LLC*, 455 F. Supp. 3d 202, 204 (W.D. Pa. 2020) (Ranjan, J.).  Nevertheless, to provide the parties comfort, the Court will consider their motion for approval of the settlement.

When reviewing an individual, non-collective FLSA settlement, the criteria "are narrow" and can be reduced to a simple two-part, cost-benefit analysis.  *Id.* at 205-06.  "First, what are the anticipated costs of continuing to litigate the case?  And, second, what are the plaintiff's damages weighed against his likelihood of success?"  *Id.* at 206.  Based on this cost-benefit analysis, the Court finds that the parties' proposed settlement is reasonable.

The anticipated costs of continued litigation are substantial.  Every aspect of this case is disputed, including the threshold issue of whether Mr. Penska has standing to bring his claims.  Indeed, at the time the parties reached their settlement, there were three substantive motions pending, including Mr. Penska's Motion for Conditional Certification (ECF 22), T.S. Dudley's Motion for Judgment on the Pleadings (ECF 26), and AJP's Motion to Strike, Dismiss, or Sever T.S. Dudley's Amended Third-Party Complaint (ECF 55).  But that's not all.  Even after those

motions are resolved, the parties would still face significant additional work to get this case ready for class certification and trial, including critical discovery practice. *See Horton*, 455 F. Supp. 3d at 208 (approving settlement where "no depositions ha[d] been conducted" at the time of settlement and that "[s]uch discovery could be even more prolonged than usual given the ongoing public health crisis related to COVID-19"). These potential litigation expenses would likely quickly outpace Mr. Penska's maximum recovery under the FLSA. ECF 61, p. 9 n.2.

On the second question, Mr. Penska's negotiated recovery represents a substantial portion of his alleged damages. Under the settlement, Mr. Penska would receive $13,716.03 after deducting attorneys' fees and costs. This equals 66% of his own estimate of his unpaid overtime (and 115% of his estimated damages utilizing T.S. Dudley's alternative methodology). *Id.* at p. 10. Factoring in the risk of going to trial (especially considering the number of issues in dispute), and the fact that Mr. Penska will receive the payment now instead of months down the line, Mr. Penska's recovery is reasonable. *See Solkoff v. Pa. State Univ.*, 435 F. Supp. 3d 646, 657 (E.D. Pa. 2020) (concluding that the settlement was a "reasonable compromise" where recovery of $97,500 was 71% of the $135,720 maximum overtime claimed).

In sum, the cost-benefit analysis weighs in favor of approving the parties' proposed settlement because the costs of additional work on the case are high, there is no guarantee that Mr. Penska would ultimately succeed on his claims, and Mr. Penska is recovering, at a minimum, two-thirds of his best-case scenario at trial now without having to wait.

**AND NOW**, this 24th day of February, 2021, upon consideration of the parties' Agreed Motion to Approve Settlement (ECF 60), it is **HEREBY ORDERED** that the motion is **GRANTED**.[1]

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[1] The parties do not ask the Court to expressly approve the attorneys' fees component of the settlement. On review of the settlement agreement, the parties negotiated the attorneys' fee component separately. Accordingly, the Court agrees with the parties that it lacks authority under the FLSA to approve the attorneys' fee component. *See, e.g., Horton*, 455 F. Supp. 3d at 206 ("[T]he Court does not believe it has the authority to review the attorneys' fees component of this private, non-class settlement."); *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019) ("The parties were entitled to settle the attorney fee issue, and no law gave the district court authority to interfere with that unconditional right.").